## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> LANNETT COMPANY, INC., <br><br>        Reorganized Debtor. <br><br> Tax I.D. No. 23-0787699 | ) <br> ) Chapter 11 <br> ) <br> ) Case No. 23-10559 (JKS) <br> ) <br> ) Re: D.I. 351 <br> ) <br> ) <br> ) |
| In re: <br><br> CODY LABORATORIES, INC., <br><br>        Reorganized Debtor. <br><br> Tax I.D. No. 83-0331425 | ) <br> ) Chapter 11 <br> ) <br> ) Case No. 23-10560 (JKS) <br> ) <br> ) <br> ) <br> ) |
| In re: <br><br> KREMERS URBAN PHARMACEUTICALS INC., <br><br>        Reorganized Debtor. <br><br> Tax I.D. No. 35-0220780 | ) <br> ) Chapter 11 <br> ) <br> ) Case No. 23-10561 (JKS) <br> ) <br> ) <br> ) <br> ) |
| In re: <br><br> SILARX PHARMACEUTICALS, INC., <br><br>        Reorganized Debtor. <br><br> Tax I.D. No. 22-2631798 | ) <br> ) Chapter 11 <br> ) <br> ) Case No. 23-10562 (JKS) <br> ) <br> ) <br> ) <br> ) |

3

## FINAL DECREE
## (I) CLOSING THE CHAPTER 11 CASES, (II) TERMINATING CERTAIN CLAIMS AND NOTICING SERVICES, AND (III) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[1] of the above-captioned reorganized debtors (collectively, the "Reorganized Debtors," and prior to the effective date of their chapter 11 plan, the "Debtors") for entry of a final decree (this "Final Decree") closing the above-captioned chapter 11 cases, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Reorganized Debtors, their creditors, and other parties in interest; and this Court having found that the Reorganized Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth in this Final Decree.

2. The following Reorganized Debtors' chapter 11 cases are hereby closed; *provided, however*, that this Court shall retain jurisdiction as provided in the Confirmation Order and this Final

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

4

Decree, and the entry of this Final Decree is without prejudice to the rights of the Reorganized Debtors, the U.S. Trustee, or any other party to seek to reopen these chapter 11 cases for cause pursuant to section 350(b) of the Bankruptcy Code:

| Debtor | Case No. |
|---|---|
| Lannett Company, Inc. | 23-10559 (JKS) |
| Cody Laboratories, Inc. | 23-10560 (JKS) |
| Kremers Urban Pharmaceuticals Inc. | 23-10561 (JKS) |
| Silarx Pharmaceuticals, Inc. | 23-10562 (JKS) |

3. The Clerk of this Court shall enter this order and final decree individually on the docket of the above-captioned chapter 11 cases and the docket of these chapter 11 cases shall be marked as "Closed."

4. The Reorganized Debtors shall file and serve on the U.S. Trustee any remaining quarterly reports and pay any quarterly fees due and owing pursuant to 28 U.S.C. § 1930(a)(6) in these chapter 11 cases within thirty (30) days of the entry of this Final Decree. Entry of this Final Decree is without prejudice to the rights of the U.S. Trustee to reopen these chapter 11 cases to seek appropriate relief in the event of an unresolved dispute over the payment of fees pursuant to 28 U.S.C. § 1930(a)(6) or the post-confirmation reports.

5. Entry of this Final Decree is without prejudice to the rights of the Reorganized Debtors to dispute, before the Court or in an appropriate non-bankruptcy forum, all claims that were filed against the Debtors in the chapter 11 cases as contemplated by the Plan and the Confirmation Order.

6. Subject to the performance of any obligations of Omni pursuant to this Final Decree, Omni's services as claims and noticing agent for these chapter 11 cases are hereby

terminated, and Omni shall be deemed formally discharged as claims and noticing agent for these chapter 11 cases without further order of the Court.

7. Pursuant to Local Rule 2002-1(f)(ix), within twenty-eight (28) days of the entry of this Final Decree, Omni (or the Reorganized Debtors, as applicable) shall (i) forward to the Clerk of the Court an electronic version of all imaged claims, (ii) upload the creditor mailing list into CM/ECF, and (iii) docket a final claims register.

8. Should Omni receive any mail regarding the Reorganized Debtors or the Debtors after entry of this Final Decree, Omni shall collect and forward such mail no less frequently than monthly to the Reorganized Debtors.

9. Notwithstanding the relief granted in this Final Decree and any actions taken pursuant to such relief, nothing in this Final Decree shall be deemed: (a) an admission as to the amount of, basis for, or validity of any claim against the Reorganized Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the rights of the Reorganized Debtors or any other parties in interest to dispute any claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an assumption, adoption, or rejection of any agreement, contract, or lease under section 365 of the Bankruptcy Code; (e) an admission as to the validity, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Reorganized Debtors' estates; (f) a waiver of any claims or causes of action that may exist against any entity; or (g) a waiver or limitation of the rights of the Reorganized Debtors or any other parties in interest under the Bankruptcy Code or any other applicable law.

10. Nothing in this Final Decree shall change the amount or nature of any distribution, or any other substantive rights, that any claim against or interest in any Debtor would have been

entitled to under the Plan, the Confirmation Order, the Bankruptcy Code, the Bankruptcy Rules, or otherwise, had this Final Decree not been entered.

11. Notwithstanding any Bankruptcy Rule to the contrary, the terms and conditions of this Final Decree shall be immediately effective and enforceable upon its entry.

12. The Reorganized Debtors and their agents are authorized to take all actions necessary to effectuate the relief granted in this Final Decree in accordance with the Motion.

13. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Decree.

Dated: September 18th, 2023
Wilmington, Delaware

J. KATE STICKLES
UNITED STATES BANKRUPTCY JUDGE